IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JUANITA HESS | 3:11-CV- 00572 RE |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security, | |
| Defendant. | |

**REDDEN**, Judge:

Plaintiff Juanita Hess ("Hess") brings this action to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for Social Security Disability ("SSD") and Supplemental Security Income ("SSI") benefits. For the reasons set forth below, the decision of the Commissioner is reversed and this matter is remanded for further proceedings.

1 - OPINION AND ORDER

## BACKGROUND

Born in 1962, Hess graduated from high school and has worked as a housekeeper and in food preparation. In March 2003, Hess filed an application for disability insurance benefits and SSI benefits, alleging disability since September 22, 2001, due to depression and back pain. Her applications were denied initially and upon reconsideration. In November 2004, an Administrative Law Judge ("ALJ") found her not disabled. The Appeals Council denied plaintiff's request for review.

Plaintiff filed a second application for SSI and SSDI benefits in June 2005, again alleging disability since September 22, 2001. Tr. 20, 1064. These applications were denied initially and on reconsideration. After a second hearing before an ALJ she was found not disabled. Tr. 20-28. Plaintiff's request for review was denied, making the ALJ's decision the final decision of the Commissioner.

## ALJ's DECISION

The ALJ found Hess had the medically determinable severe impairments of degenerative disc disease, obesity, and depression. Tr. 22.

The ALJ determined that Hess retained the residual functional capacity to perform a limited range of work, and is precluded from "performing more than simple work or work that required more than incidental interaction with the public/coworkers." Tr. 24.

The ALJ found that Hess was unable to perform her past work, but retained the ability to work as a photocopy machine operator, microfilm document preparer, and addresser. Tr. 28.

The medical records accurately set out Hess's medical history as it relates to her claim for benefits. The court has carefully reviewed the extensive medical record, and the parties are

2 - OPINION AND ORDER

familiar with it. Accordingly, the details of those medical records will be set out below only as they are relevant to the issues before the court.

## DISCUSSION

Hess contends that the ALJ erred by: (1) failing adequately to account for her moderate limitation in concentration, persistence, or pace; (2) making incomplete findings at Step 2; (3) improperly weighing physician testimony; (4) failing to ask the VE whether her testimony was consistent with the Dictionary of Occupational Titles and (5) failing to show that she retains the ability to perform other work.

### I. Simple Work and a Moderate Limitation in Concentration, Persistence, and Pace

Plaintiff asserts that the ALJ's questions to the vocational expert failed to include the limitations expressed in the ALJ's opinion. Specifically, she points to the ALJ's finding that Hess had "moderate" limitations in concentration, persistence, and pace, and was limited to "simple" work. She asserts that the ALJ failed to include findings regarding concentration, persistence, and pace in his questions to the vocational expert, and that, further, as a matter of law, "simple" work does not include limitations in concentration, persistence, and pace.

The ALJ found "moderate difficulties" in Hess's concentration, persistence, and pace, and asked the vocational expert to consider an individual limited to "simple work." Tr. 23. Though this court has found that a restriction to "simple" tasks, without further explanation by the ALJ, does not adequately capture a "moderate" limitation in concentration, persistence, and pace, *Berjettej v. Astrue*, 2010 WL 3056799 at * 7-8 (D. Or. July 30, 2010), the Ninth Circuit previously determined a restriction to "simple" tasks is consistent with a "moderate" limitation in concentration, persistence, and pace if supported by the medical evidence. *Stubbs-Danielson v.*

3 - OPINION AND ORDER

*Astrue*, 539 F.3d 1169, 1173-74 (9th Cir. 2008); *see also Cox v. Astrue*, 2011 WL 6122954 at *9 (D. Or. Oct. 26, 2011)).

### A. Robert Gilliland, M.D.

Hess points to the October 2003 assessment of Dr. Gilliland,, in which he opined that Hess had moderate limitations in the ability to understand, remember, and carry out detailed instructions; complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; maintain attention and concentration for extended periods; accept instruction and respond to criticism; and respond to changes in the work setting. Tr. 325-27.

The ALJ did not address Dr. Gilliland's opinion. Tr. 20-28.

### B. Margaret Meyer, M.D.

Hess points to the March 2007 opinion of Dr. Meyer. Dr. Meyer found Hess moderately limited in the ability to understand and remember detailed instructions, the ability to carry out detailed instructions, the ability to maintain attention and concentration for extended periods, the ability to maintain regular attendance and be punctual within customary tolerances; the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; and the ability to accept instructions and respond appropriately to criticism. Tr. 824-26.

The ALJ did not address Dr. Meyer's opinion. Tr. 20-28.

///

### C. Robert White, Ph.D.

4 - OPINION AND ORDER

In December 2006, Dr. White reviewed the medical record and found Hess moderately limited in the ability to understand and remember detailed instructions, carry out detailed instructions, maintain concentration and attention for extended periods, perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances, to complete a normal workday and workweek without interruptions from psychologically based symptoms, to perform at a consistent pace without an unreasonable number and length of rest periods, and travel in unfamiliar places or use public transportation. Tr. 700-02.

The ALJ did not address Dr. White's opinion. Tr. 20-28.

### D. Chandrakant Patel, M.D.

Dr. Patel is Hess's treating psychiatrist. In November 2007 Dr. Patel stated that Hess could not perform an eight hour workday on a continuing basis due to marked restrictions in activities of daily living, difficulty in maintaining social function, understanding, carrying out and remembering simple instructions, responding appropriately to supervision, co-workers and usual work situations, dealing with changes in a routine work setting, dealing with work stresses, and deficiencies of concentration, persistence and pace. Tr. 1004-1005. Dr. Patel stated that this was true since October 2001. Tr. 1005.

In light of these four medical opinions, the ALJ's restriction to "simple work" did not adequately account for Hess's limitations in concentration, persistence, and pace.

### II. Treating Physician

Disability opinions are reserved for the Commissioner. 20 C.F.R. §§ 404.1527(e)(1); 416.927(e)(1). If no conflict arises between medical source opinions, the ALJ generally must accord greater weight to the opinion of a treating physician than that of an

5 - OPINION AND ORDER

examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). In such circumstances the ALJ should also give greater weight to the opinion of an examining physician over that of a reviewing physician. *Id.* But, if two medical source opinions conflict, an ALJ need only give "specific and legitimate reasons" for discrediting one opinion in favor of another. *Id.* at 830. The ALJ may reject physician opinions that are "brief, conclusory, and inadequately supported by clinical findings." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

The ALJ found Dr. Patel's opinion "less than persuasive." Tr. 26. The ALJ cited treatment notes indicating that Hess's symptoms were generally controlled by medication, and that she had dealt with major stressors with only brief periods of exacerbated symptoms. Tr. 26.

There is a conflict in the medical evidence. Dr. Patel found "marked" symptoms, while the reviewing examiners found "moderate" symptoms. The ALJ gave specific and legitimate reasons for giving less weight to Dr. Patel's opinion.

### III. Credibility

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities. *Andrews v. Shalala*, 53 F3d 1035, 1039 (9th Cir 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Reddick v. Chater*, 157 F3d 715, 722 (9th Cir 1998). Unless there is affirmative evidence showing that the claimant is malingering, the Commissioner's reason for rejecting the claimant's testimony must be "clear and convincing." *Id.* The ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints. *Id.* The evidence upon which the ALJ relies must be substantial. *Reddick*, 157 F3d at 724. *See also Holohan v. Massinari*, 246 F3d 1195, 1208 (9th Cir 2001). General findings (e.g., "record in general" indicates improvement) are an insufficient

basis to support an adverse credibility determination. *Reddick* at 722. *See also Holohan,* 246 F3d at 1208. The ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony. *Thomas v. Barnhart,* 278 F3d 947, 958 (9th Cir 2002).

> In deciding whether to accept a claimant's subjective symptom testimony, "an ALJ must perform two stages of analysis: the *Cotton* analysis and an analysis of the credibility of the claimant's testimony regarding the severity of her symptoms." [Footnote omitted.] *Smolen v. Chater,* 80 F3d 1273, 1281 (9th Cir 1996).
>
> Under the *Cotton* test, a claimant who alleges disability based on subjective symptoms "must produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged...." *Bunnell,* 947 F.2d at 344 (quoting 42 U.S.C. § 423 (d)(5)(A) (1988)); *Cotton,* 799 F.2d at 1407-08. The *Cotton* test imposes only two requirements on the claimant: (1) she must produce objective medical evidence of an impairment or impairments; and (2) she must show that the impairment or combination of impairments *could reasonably be expected to* (not that it did in fact) produce some degree of symptom.

*Smolen,* 80 F3d at 1282.

The ALJ found that Hess was not fully credible, and that "[t]he evidence of record does not support the degree of pain and functional limitation alleged." Tr. 25. Hess testified that back pain prevented her from performing many activities of daily living, including tying her shoes. Tr. 1124-26. She testified that she could lift five pounds, sit for ten to fifteen minutes, and walk one half mile. Tr. 1129. The ALJ properly noted that "treatment records show that she has frequently demonstrated full muscle strength, unimpaired range of motion, intact reflexes, and no evidence of atrophy on physical examination [citation omitted]. Tr. 25. The ALJ concluded that the degree of alleged functional limitation exceeded the objective medical evidence.

The ALJ properly noted that though Hess testified that she could not work because of panic attacks and anxiety, the psychiatric medical records did not verify the severity of the alleged symptoms. Tr. 726, 913, 1031.

The ALJ identified clear and convincing reasons to find Hess less than fully credible.

Hess argues that the ALJ improperly constructed the residual functional capacity first, then rejected as not credible any allegations inconsistent with the residual functional capacity finding. The ALJ did not err by stating his conclusion and then listing the reasons for it. See, *Hodgson v. Astrue,* 2011 WL 4852307, at *6-7 (D. Or. 2011).

### III. Remand

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel,* 211 F.3d 172, 1178 (9th Cir. 2000), *cert. denied,* 531 U.S. 1038 (2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Strauss v. Comm'r,* 635 F.3d 1135, 1138-39 (9th Cir. 2011)(quoting *Benecke v. Barnhart,* 379 F.3d 587, 593 (9th Cir. 2004)). The court may not award benefits punitively, and must conduct a "credit-as-true" analysis to determine if a claimant is disabled under the Act. *Id* at 1138.

Under the "credit-as-true" doctrine, evidence should be credited and an immediate award of benefits directed where: (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be

required to find the claimant disabled were such evidence credited. *Id.* The "credit-as-true" doctrine is not a mandatory rule in the Ninth Circuit, but leaves the court flexibility in determining whether to enter an award of benefits upon reversing the Commissioner's decision. *Connett v. Barnhart,* 340 F.3d 871, 876 (citing *Bunnell v. Sullivan,* 947 F.2d 871(9th Cir. 2003)(en banc)). The reviewing court should decline to credit testimony when "outstanding issues" remain. *Luna v. Astrue,* 623 F.3d 1032, 1035 (9th Cir. 2010).

The ALJ's failure to pose a complete hypothetical question to the Vocational Expert is erroneous for the reasons set out above. Hess argues that the Vocational Expert testified that, if the physicians' opinions are credited, Hess would be unable to maintain employment. Tr. 1113. However, it is not clear that an accurate hypothetical to the Vocational Expert will result in a finding of disability.

Accordingly, this matter is remanded for further proceedings.

## CONCLUSION

For these reasons, the ALJ's decision that Hess is not disabled is not supported by substantial evidence. The decision of the Commissioner is reversed and this case is remanded for further proceedings.

IT IS SO ORDERED.

Dated this 2⁴/day of July, 2012.

JAMES A. REDDEN
United States District Judge